Provided to Suwannee Correctional Institution on:

MAR 1 1 2024

for mailing, by:

AO 241 (Rev. 09/17)

3:24-CV-270-MMH-PDB

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court of Florida | District: Middle DISTRICT |
|---|---|
| Name (under which you were convicted): Timothy VAN Griffin | Docket or Case No.: Florida Fourth Judicial Circuit 2016-CF-00078 |
| Place of Confinement: Suwannee Correctional Institute Annex | Prisoner No.: J33450 |
| Petitioner (include the name under which you were convicted) Timothy VAN Griffin | Respondent (authorized person having custody of petitioner) v. STATE of Florida |

The Attorney General of the State of:

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   CIRCUIT COURT of The FOURTH Judicial CIRCUIT IN And For CLAY COUNTY, Florida

   (b) Criminal docket or case number (if you know): 2016-CF000788

2. (a) Date of the judgment of conviction (if you know): JUNE 19, 2017
   (b) Date of sentencing: JUNE 19, 2017

3. Length of sentence: 20 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   1) TRAFFICKING IN AMPHETAMINE - 10 YEARS with 7 YEAR MIN/MANDATORY
   2) AggrAvATED ASSAULT ON A LAW ENFORCEMENT OFFICER - 10 YEARS, CONSECUTIVE TO COUNT ONE.

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty            ☐ (4) Insanity plea

Page 2 of 16

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____
_____
_____
_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _FIFTH DISTRICT COURT OF APPEAL_

(b) Docket or case number (if you know): _____

(c) Result: _DENIED 8-15-2017_

(d) Date of result (if you know): _8-15-2017_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _MOTION TO CORRECT ILLEGAL SENTENCE_

_____
_____
_____
_____
_____

(g) Did you seek further review by a higher state court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _CIRCUIT COURT - FOURTH JUDICIAL CIRCUIT FOR CLAY COUNTY_

(2) Docket or case number (if you know): _2016-CF-000788_

(3) Date of filing (if you know): _3-30-20_

(4) Nature of the proceeding: _MOTION TO CORRECT SENTENCE / HABEAS CORPUS_

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _DENIED_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): 4-07-2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: WRIT of CERTIORARI - ordered by FIRST DISTRICT COURT of APPEALS

(2) Docket or case number (if you know): UKNOWN

(3) Date of filing (if you know): 5-12-20

(4) Nature of the proceeding: Correction of Sentence / Habeas corpus

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: OPinion Affirmed From First DISTRICT COURT of APPEALS

(8) Date of result (if you know): Affirmed - 12-07-2020,

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Circuit Court for The Fourth Judicial circuit

(2) Docket or case number (if you know): 2016-CF-000788

(3) Date of filing (if you know): 11-09-22

(4) Nature of the proceeding: Motion 3.800 to correct illegal sentence

(5) Grounds raised: 1.) Illegally Sentenced under wrong statute

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: __DENIED__

(8) Date of result (if you know): __October 31, 2022,__

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition:  ☒ Yes   ☐ No
(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** __INEFFECTIVE COUNSEL - NO PROBABLE CAUSE TO INITIATE TRAFFIC STOP.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__PETITIONER WAS PULLED OVER FOR TRAFFIC STOP WHERE NO PROBABLE CAUSE WAS EVIDENT ACCORDING TO Florida STATUTES.__

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _MisAdvise of counsel._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Writ of Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Fourth Judicial Circuit for Clay County, Florida_

Docket or case number (if you know): _2016-CF-000788_

Date of the court's decision: _Mandate - April 05, 2023_

Result (attach a copy of the court's opinion or order, if available): _Affirmed_

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeals_

Docket or case number (if you know): _5D23-439_

Date of the court's decision: _March 07, 2023_

Result (attach a copy of the court's opinion or order, if available): _Affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Ground One was Habeas Corpus and under Florida Law The Supreme Court of Florida will not review a case without a written opinion from lower court.

**GROUND TWO:** Ineffective Counsel for failure to file motion to dismiss Miranda Statements under involuntary intoxication.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner was interrogated while knowingly under heavy narcotic medication at hospital for 5 gunshot wounds 2 days after being shot. Counsel failed to investigate or inform his client, giving no support whatsoever.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Ground Two was Habeas Corpus and under State Law Supreme Court of Florida will not review without a written opinion, which was denied by Appellate court.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Misadvise of Counsel

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: Circuit Court for the Fourth Judicial Circuit in and for Clay County Florida

Docket or case number (if you know): 2016-CF-000788

AO 241 (Rev. 09/17)

Date of the court's decision: __MANDATED APRIL 05, 2023__

Result (attach a copy of the court's opinion or order, if available): __AFFIRMED__

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __FIFTH DISTRICT COURT of APPEALS__

Docket or case number (if you know): __5D23439__

Date of the court's decision: __MARCH 07, 2023__

Result (attach a copy of the court's opinion or order, if available): __AFFIRMED - WRITTEN OPINION REFUSED__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__UNDER STATE LAW The Florida Supreme Court will NOT REVIEW A CASE without WRITTEN OPINION from Lower APPELLATE COURT, which was Refused.__

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: __Filed Motion for REHEARING AND WRITTEN OPINION which was REFUSED.__

**GROUND THREE:** __INEFFECTIVE Counsel - FAILURE TO ASK FOR JUDGEMENT of ACQUITTAL ON FAULTY INFORMATION WITH MISSING ELEMENT FOR SPECIFIC INTENT.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER IS BY Florida STATUTES A SPECIFIC INTENT CRIME NOT SHOWN IN INFORMATION which IS MANDATORY UNDER STATE LAW.__

(b) If you did not exhaust your state remedies on Ground Three, explain why: _MISAdvise of COUNSEL_

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _MISAdvise of COUNSEL_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_
Name and location of the court where the motion or petition was filed: _Circuit Court For The Fourth Judicial Circuit_
Docket or case number (if you know): _2016-CF-000788_
Date of the court's decision: _April 05, 2023_
Result (attach a copy of the court's opinion or order, if available): _Affirmed_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeals_
Docket or case number (if you know): _5D23-439_
Date of the court's decision: _March 07, 2023_
Result (attach a copy of the court's opinion or order, if available): _Affirmed_

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *Asked for written opinion from appellate Court to contest in Supreme Court. Opinion denied*

**GROUND FOUR:** *Ineffective Counsel for failure to provide any investigation or adversarial testing in regards to all grounds and also deputies history*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *of violence, Trial Counsel provided no investigation into any of the above mentioned grounds telling petitioner he had no choice but to take plea offer as he had no case even though information was faulty, Miranda given under known involuntary intoxication and traffic stop probable cause in violation of Florida Statutes.*

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: *Misadvise of Counsel*

_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *Misadvise of Counsel*

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Habeas Corpus*

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: CIRCUIT COURT For The FOURTH Judicial CIRCUIT IN And For Clay County FLorida

Docket or case number (if you know): 2016-CF-000788

Date of the court's decision: April 05, 2023

Result (attach a copy of the court's opinion or order, if available): Affirmed

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth DISTRICT COURT of APPEALS

Docket or case number (if you know): 5D23-1663

Date of the court's decision: April 05, 2023

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Filed for written opinion And rehearing for Supreme Court Review IN Appellate Court which was denied.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    _____

    _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    _____

    _____

    _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

    _____

    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Cinthia Cook - Public Defenders office Clay County, P.O. Box 386, Green Cove Springs, FL. 32043.

(b) At arraignment and plea: Same as above

(c) At trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: No Appeal - Due to misadvise of counsel.

(f) In any post-conviction proceeding: Pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner, who had no knowledge of the law trusted the Public Defender until coming to prison where he learned the failure of his attorney to provide even the most basic tenents of his right to adequate counsel and attorneys failure to do so.

AO 241 (Rev. 09/17)

This is in conjunction with Cronic v United States and the Fourth and Sixth Amendments of the U.S. Constitution which states there is no time bar where a manifest injustice created through a fundamental error where attorney failed to provide adequate counsel.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To grant Acquittal where No Probable Cause Found For Arrest or Conviction

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  3/11/24  (month, date, year).

Executed (signed) on  3/11/24  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Page 16 of 16